UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELGAIN WILSON, <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND BYRD et al., <br><br> Defendants. | Case No. 3:21-cv-00214 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

On January 24, 2022, the Court ordered pro se Plaintiff Elgain Wilson to show cause by February 22, 2022, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) for Wilson's failure to comply with the Court's orders and prosecute his claims and under Local Rule 41.01(b) for Wilson's failure to keep the Court apprised of his mailing address. (Doc. No. 24.) Wilson has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Wilson's complaint without prejudice under Rule 41(b) and Local Rule 41.01(b).

## I.  Factual and Procedural Background

On February 10, 2021, while he was incarcerated at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, Wilson file a complaint under 42 U.S.C. § 1983, alleging that Defendants Sergeant Wright, Sergeant John Doe, and TTCC Warden Raymond Byrd prevented him from attending Muslim worship services in violation of his rights to religious freedom and equal protection under the First and Fourteenth Amendments to the United States Constitution, the Religious Freedom Restoration Act (RFRA), and the Religious Land Use and Institutionalized

Persons Act (RLUIPA).[1] (Doc. No. 1.) The Court granted Wilson's application for leave to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915A. (Doc. No. 4.) The Court found that Wilson had stated plausible claims for violations of his First and Fourteenth Amendment rights under § 1983 and a plausible RLUIPA claim but dismissed Wilson's RFRA claim. (*Id.*)

The Court ordered Wilson to complete and return service packets for each defendant and warned Wilson "that process cannot be served upon an unidentified defendant and that it [was] his obligation to conduct a reasonable investigation or, if necessary, to conduct discovery to promptly determine the full names of his defendants, to effect timely service of process upon them as required by Fed[eral] R[ule] [of] Civ[il] P[rocedure] 4(m), and to file a timely motion pursuant to Fed[eral] R[ule] [of] Civ[il] P[rocedure] 15(a) for leave to amend his complaint to correctly identify all defendants by name." (*Id.* at PageID# 23–24.) Wilson returned service packets for Byrd and Wright and the Court issued summonses addressed to those defendants. (Doc. No. 5.) The United States Marshals Service personally served Byrd with his summons at TTCC on April 19, 2021 (Doc. No. 7), but returned Wright's summons unexecuted with a notation that Wright was no longer employed at TTCC (Doc. No. 6). The Court therefore ordered Byrd or an authorized representative of TTCC to file Wright's last known address under seal. (Doc. No. 8.) Byrd

---

[1] Under the standard governing filings by pro se incarcerated litigants—known as the "prison mailbox rule"—"a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The rationale for this rule is that "*pro se* prisoners have no control over delays between the prison authorities' receipt of [a pleading] and its filing, and their lack of freedom bars them from delivering the [pleading] to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 273–74 (1988). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Brand*, 526 F.3d at 925. Accordingly, all dates for Wilson's filings discussed in this Report and Recommendation refer to the dates on which Wilson signed his filings. Wilson signed his complaint on February 10, 2021. (Doc. No. 1.)

complied (Doc. No. 13), and the Court issued a sealed summons addressed to Wright (Doc. No. 15), but the Marshals Service returned the sealed summons unexecuted (Doc. No. 18).

On June 23, 2021, the Court found that the time for service under Rule 4(m) had passed and that Wilson had yet to identify or serve Defendant John Doe. (Doc. No. 20.) The Court therefore ordered Wilson "to file a notice by July 13, 2021, informing the Court either that he is investigating Doe's full name, that he needs the Court's assistance to investigate Doe's full name, or that he has discovered Doe's full name and intends to file a motion for leave to amend his complaint under Rule 15(a) to include Doe's full name." (*Id.* at PageID# 67.) On July 22, 2021, Wilson filed a motion to amend his complaint stating that he had identified "Sergeant Officer[ ] Mr. Barnett as the [J]ohn [D]oe within his complaint" and asking the Court for leave to add Barnett as a defendant. (Doc. No. 21, PageID# 68.) The Court granted Wilson's motion as unopposed and ordered him "to file an amended complaint by October 13, 2021, that names Barnett as a defendant and restates all of the facts and legal claims from Wilson's original complaint that Wilson wants the Court to consider int his action." (Doc. No. 22, PageID# 71–72.) The Court's order was returned as undeliverable with a notation that Wilson had been paroled or discharged from TTCC. (Doc. No. 23.)

On January 24, 2022, the Court found "that Wilson ha[d] not filed an amended complaint, ha[d] not provided the Court with an updated mailing address, and ha[d] not taken any other action in this matter since filing his motion to amend . . . ." (Doc. No. 24, PageID# 74.) The Court therefore ordered Wilson to show cause by February 22, 2022, why the Magistrate Judge should not recommend that this action be dismissed under Rule 41(b) for Wilson's failure to comply with the Court's orders and failure to prosecute and under Local Rule 41.01(b) for his failure to keep the Court apprised of his mailing address. (Doc. No. 24.) The Court warned Wilson that failure to

3

Case 3:21-cv-00214   Document 26   Filed 03/04/22   Page 3 of 9 PageID #: 80

comply with its show-cause order would "likely result in a recommendation that the Court dismiss this action." (*Id.* at PageID# 76.) The docket shows that Wilson has not responded to the Court's show-cause order, has not filed an amended complaint, and has not updated his mailing address.

II. **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980));

*see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[ ] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Wilson.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that Wilson's failure to keep the Court apprised of his mailing address, failure to file an amended complaint, and failure to respond to the Court's show-cause order were motivated by bad faith. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018). This is true even when a plaintiff may not have received a show-cause order because he failed to provide the Court with an updated mailing address upon his release from incarceration. *See Williams v. Blanchard*, Civ. No. 3:12-0932, 2014 WL 3672105, at *2 (M.D. Tenn. July 23, 2014) (Trauger, J.) ("Dismissal with prejudice is appropriate in light of the impasse in further proceedings in the action caused by the plaintiff's failure to prosecute the action upon his release from incarceration and the fact that his current whereabouts are unknown. It is not the Court's duty to search out and locate the plaintiff."); *Sims v. McCarter*, No. 3:18-cv-00072, 2019 WL 2088832, at *3 (M.D. Tenn. May 13, 2019) (finding that plaintiff's "failure to file a second amended complaint, keep the Court informed of his current mailing address, and respond to this Court's show cause order . . . reflect[ed] 'willfulness and fault' for purposes of Rule 41(b)"

(quoting *Hatcher*, 2018 WL 1586235, at *1)), *report and recommendation adopted*, 2019 WL 2355108 (M.D. Tenn. June 4, 2019). The first factor therefore weighs in favor of dismissal.

    **B.**    **Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Byrd has answered Wilson's complaint (Doc. No. 19), which is a typical step in early litigation, and no other defendant has been served or appeared in this action. This factor therefore does not support dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned Wilson "that failure to comply with [its] order to show cause [would] likely result in a recommendation that the Court dismiss this action." (Doc. No. 24, PageID# 76.) This factor supports dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) and Local Rule 41.01(b).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 4th day of March, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge